12506 Salsberg

UNITED STATES DISTRICT COURT
SOUTHTERN DISTRICT OF NEW YORK
_____x

Diana Salsberg, Individually and
on behalf of others similarly situated

**07 CIV. 3537**

Plaintiffs by
Permissive Joinder,

                            -against-          Complaint Jury Demanded

The Board Of Trustees of Dutchess       **BRIEANT**
Community College

Defendant
_____x

The named Plaintiff by her attorney Joseph P. Carey P.C., pursuant to Federal Rules of Civil Procedure (FRCP) Rule 8(a), as and for her Complaint against The Board Of Trustees of Dutchess Community College (hereinafter referred to as "the Defendant" or " The College") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for compensatory and liquidated damages for unpaid overtime pursuant to the Fair Labor Standards Act of 1938 (the Act), 29 USC §§ 201-209; and this action also contains pendent claims for compensatory and liquidated damages for unpaid over-time pursuant to the New York State Labor Law §663, and its Regulations 12 NYCCR §142-2.2.

## JURISDICTION

2. This court has jurisdiction conferred by Federal Rules of Civil Procedure Rule 20 and by 28 USC §§ 451, 1331, 1367, the Fair Labor Standards Act of 1938 as amended, codified at 29 USC §§ 201, et. seq. ("the Act) and 29 USC § 216 (b); and New York State Labor Law §663 and its Regulations 12 NYCCR § 142-2.2.  Jurisdiction over plaintiffs' claim for declaratory relief is conferred by 28 USC §2201 & 2202.

1

12506 Salsberg

3. This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. § 1367 (a).

## VENUE

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1). The Defendant College is located within this District.

## PARTIES

5. The Plaintiff Diana Salsberg resides at 17 Prestwick Court, Poughkeepsie, Dutchess County New York 12603. A Consent To Sue is annexed to this Complaint.

6. The Defendant College is part of the State University of New York, which is an educational institution organized under the laws of the State of New York. And has its principal place of business at 53 Pendell Road town of Poughkeepsie New York.

7. The term "Plaintiff" as used in this Complaint refers to the named Plaintiff, and to any additional represented parties pursuant to the Collective Action provisions of 29 USC §216 (b).

## FACTUAL ALLEGATIONS

8. The Plaintiff was employed by the College as a Coordinator of Special Projects for ten months from December 2004 to September 2005. Annexed as Exhibit No. 1 is the College's job description for the Coordinator of Special Projects.

9. The Plaintiff was a member of the Bargaining Unit formed by The Collective Bargaining Agreement (CBA) between the College and Dutchess United Educators (DUE) effective as of September 1, 2004 to August 31, 2008.

10. The Plaintiff was not a Management/Confidential employee as defined under the New York State Taylor Law.

11. The Plaintiff was a non-exempt Bargaining Unit employee, whose regular hourly wage rate was $20.19 based upon 2080 hours and the yearly total earnings of $42,000.00.

2

12506 Salsberg

12. As contained in Exhibit No. 1 Plaintiff was frequently required to work nights and weekends with volunteers, in addition to all of the assigned tasks as contained in Exhibit No. 1.

13. Defendant had a policy and practice of not recording all of the hours worked by Plaintiff and those similarly situated, and when those weekly hours exceeded 40, Defendant failed to pay the Plaintiff and all others similarly situated, overtime at one and one half times the regular hourly wage rate.

14. The College knowingly suffered to permit the Plaintiff to work hours in excess of 40 in a work week and failed to record or pay Plaintiff for those hours.

15. Defendant's failure to pay the hours described in ¶¶12, 13 & 14 herein was willful because Defendant has had the on going legal advise of the labor law firm of Roemer Wallens & Mineaux, LLP, 13 Columbia Circle Albany, New York 12203 and knew or should of known that the administrative exemption asserted for the Plaintiff was unlawful as was Defendant's refusal to accurately record all Plaintiff's hours worked, and to pay overtime for hours worked in excess of forty per week.

16. Defendant willfully failed to record the "hours worked" referred to ¶¶12, 13, 14 & 15 herein, and to include such time as "hours worked" in computing the named Plaintiff's overtime compensation in violation of §7 of the Act and its regulation 29CFR part 778 in an amount to be proven at trial.

17. Defendant willfully failed to record "the hours worked" referred to in ¶¶12, 13, 14 & 15 herein and to include such time as "hours worker" in computing the named Plaintiff's overtime compensation in violation of New York State Labor Law §663 and its regulations 12 NYCCR §142-2.2, in an amount to be proven at trial.

18. Upon information of belief, the Defendant regularly employed the named Plaintiff by the

12506 Salsberg

hour but did not accurately record her "hours worked" nor paid the named Plaintiff for all hours worked in excess of forty in each work week.

## COUNT 1: COMPENSATORY AND LIQUIDATED DAMAGES FOR THE NAMED PLAINTIFF DIANA SALSBERG FOR VIOLATION OF FLSA 29 USC § 216 (b) AND ITS REGULATIONS 29 CFR PART 778

19. The named Plaintiff repeats and realleges the allegations contained in ¶¶1-18 above as if fully set forth herein.

20. Defendant willfully failed to record the "hours worked" referred to in ¶¶12, 13, 14 & 15 herein, and to include such time as "hours worked" in computing the named Plaintiff's overtime compensation in violation of §7 of the Act and its Regulations 29CFR Part 778 in an amount to be proven at trial.

## COUNT 2: COMPENSATORY AND LIQUIDATED DAMAGES FOR NAMED PLAINTIFF DIANA SALSBERG FOR VIOLATION OF NEW YORK STATE LABOR LAW § 663 AND ITS REGULATIONS 12 NYCCR § 142-2.2

21. The named Plaintiff repeats and realleges the allegations contained in ¶¶1-20 above as if fully set forth herein.

22. Defendant willfully failed to record the "hours worked" referred to in ¶¶12, 13, 14 & 15 herein, and to include such time as "hours worked" in computing the named Plaintiff's overtime computation in violation of New York State Labor Law §663 and its Regulations 12 NYCCR §142-2.2, in an amount to be proven at trial.

4

WHEREFORE, the named Plaintiff request that this Court enter Judgment and Order to the named Plaintiff and those similarly situated:

A. Declaring that the Defendant violated the Fair Labor Standards Act and New York Labor Law, Article 19;

B. Declaring that the Defendant's violations of the FLSA and New York Labor Law were willful;

C. Awarding the named Plaintiff Salsberg damages for her claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages as determined by the Jury.

D. Awarding named Plaintiff and those similarly situated damages for their respective claims of unpaid wages as secured by Articles 6 and 19 of the New York Labor Law as well as an additional 25% in liquidated damages as determined by the Jury.

E. Awarding named Plaintiff and those similarly situated costs and a reasonable attorney's fee.

F. Granting to the named Plaintiff Salsberg and those similarly situated, such other and further relief as this Court finds just and necessary.

## JURY TRIAL DEMAND

The named Plaintiff Salsberg and those similarly situated demands a jury trial on all questions of fact in this action.

Dated: May 1, 2007
Fishkill, New York

Respectfully Submitted,
Joseph P. Carey, P.C.

By: _____
Joseph P. Carey, Esq. (JC4096)
1081 Main Street Suite E
Fishkill, New York 12524
Phone: (845) 896-0600

ATTORNEY FOR THE NAMED PLAINTIFF

12507 Salsberg

# CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I hereby consent to be a Plaintiff in an action under the FLSA 29 USC § 201 at. seq., to secure any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with The Board Of Trustees of Dutchess Community College.

I authorize the law office of Joseph P. Carey, P.C. and any associated attorneys, as well as my successors or assigns, to represent me in such action.

Dated: 5/2/07

_____
Signature

_____
Diana Salsberg